J ONES, J.
The legal postulate of counsel for defendant is that, since the petition affirmatively states that the defendant also claims title to the canal lands which the state claims to own, and alleges that the defendant’s lessee is in possession thereof, the case assumes the same aspect as that of a private proprietor seeking recovery of premises against one in possession; and that therefore the remedy pursued should be in ejectment and not in quo warranto. Simply stated the question is: Is the remedy by quo warranto available to the state where it seeks to protect its title to canal lands, where the pleadings disclose that the title is *203 claimed both, by the state and by a corporate defendant?
Counsel for the defendant frankly concede that the state may bring quo warranto against a defendant corporation under Section 12304, paragraph 4, General Code, where the defendant claims, holds or has exercised franchises, privileges or rights in contravention of law. However, they argue that the proper legal definition of the terms “franchise, privilege or right,” excludes determination of disputed ownership of land, and that therefore the statute does not justify the use of quo warranto to try the legal title of lands claimed both by the state and by a body corporate. Were this a new principle presented for our consideration, we might be impressed by that argument, but, as we view the question now presented, it has been decided adversely to the contention of the defendant in cases heretofore reported by this court, where the court has upheld the principle that the writ of quo warranto may be used to protect the state’s title to canal lands, even though a corporate defendant also claims title thereto. It is true that in some of the reported cases the question whether the remedy to be pursued was in quo warranto or by ejectment was not decided except by implication; but, after the decision of what is known as the Cincinnati case, Ohio, ex rel. Richards, Atty. Gen., v. P., C., C. & St. L. Ry. Co., 53 Ohio St., 189, 41 N. E., 205, it is evident that litigants in later cases of similar character felt that this court had definitely decided that quo warranto by the state could be used to protect the state’s title to canal lands. See Cleveland Terminal & Valley Rd. Co. v. State, ex rel. Attorney General, 85 Ohio St., 251, 97 N. E., 967, 39 L. R. A. (N. S.), 1219; State, ex rel. McGhee, Atty. Gen., v. Ohio Utilities Co., 100 Ohio St., 538, 127 N. E., 926; State, ex rel. Crabbe, Atty. Gen., v. Middletown Hydraulic Co., 114 Ohio St., 437, 151 N. E., 653.
We can see no distinction between the Cincinnati *204 case and this case, for an inspection of the pleadings in the former discloses that the railway company relied upon its right or title set forth in its answer. There counsel for the railway company challenged the right of the state to sue in quo warranto; they also relied upon the statute of limitations. The first two propositions of the syllabus are as follows:
“1. An action in quo warranto will lie against a railroad corporation to contest its claim to exercise a right or privilege to or in the canal lands of the state.
“2. Neither the five years nor the twenty years limitations prescribed in Section 6789, Revised Statutes, bars an action in quo warranto where its object is to oust a corporation from an unwarranted claim to a right or privilege in lands belonging to the state.”
Paragraph 4 of Section 12304, G-eneral Code, authorizes quo warranto to be brought against a corporation, “when it claims or holds by contract or otherwise * * * a * * * privilege, or right in contravention of law.”
It is insisted that the defendant is not holding a franchise, privilege or right in contravention of law, but holds title to property which in no wise can be defined either as a franchise, privilege or right. However, this argument was fully met and discussed in the Cincinnati case, supra, where, in interpreting those terms as used in the quo warranto statute, Bradbury, J., said, at page 239 of 53 Ohio State, 41 N. E., 205, 214: ‘ ‘ This would seem to expressly declare that any specific contractual right asserted by a corporation to which it had no legal right might be made the subject matter of an action in quo warranto, at least if it concerned the public.” And, again, later in his opinion at page 240 of 53 Ohio State, 41 N. E., 205, 215, Judge Bradbury says: “The practice of bringing in this court, proceedings in quo warranto to determine controversies, similar in all essential respects to that involved in this action, originated nearly a score of years *205 ago. In State ex rel. v. Railway Co., 37 Ohio St., 157, a case like the one under consideration, the original jurisdiction of this court was successfully invoked. True, the jurisdiction of the court does not seem to have been challenged in that case, a circumstance doubtless weakening its force as an authority. Since that decision was rendered, however, and upon its authority the jurisdiction of this court, in cases involving the same question, has been exercised a number of times.”
Under the foregoing decision, if it be found as stated in the syllabus, that the corporation defendant asserts “an unwarranted claim to a right or privilege in lands belonging to the state,” then under the authority of the Cincinnati case the remedy here pursued is available to the state, and the use of the writ is authorized whether the defendant claims possession under a legal title or otherwise.
It is therefore obvious that under, the authority of above case the demurrer of the defendant to the petition should be overruled.

Demurrer to petition overruled.

Matthias, Day, AlleN, KiNkade and StephehsoN, JJ., concur.